FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 23, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRISTA LANGLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>    Defendant. | No. 1:15-CV-03102-JTR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND CAUTIONING COUNSEL |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14[1], 26. Attorney D. James Tree represents Krista Langley (Plaintiff); Special

---

[1] The Court notes the following inappropriate language employed by counsel in Plaintiff's Motion for Summary Judgement: "Rather than properly considering the medical record as a whole, as the ALJ was required to do, he instead cherry-picked portions of General Appearance examinations—many unrelated to [Plaintiff's] psychiatric treatment—and mental status examinations to support his predetermined conclusion that she is not disabled." ECF No. 14 at 14.

This is not the only instance of objectionable phraseology over this attorney's signature in recent cases before this Court. *See Douglas v. Colvin*, 1:15-cv-3119-JTR, ECF No. 13 at 7 ("[Plaintiff] applied for benefits in 2011 and SSA

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

Assistant United States Attorney Martha A. Boden represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 5. After reviewing the administrative record and the

---

again found he was limited to less than a full range of light work, but denied him because he was still 54 years old. Tr. 119. [Plaintiff] was 55 years old on his current application date for SSI, therefore, the only way the ALJ could deny [the] claim was to find he could perform medium work and/or reclassify his past relevant work."); *Vargas v. Colvin,* 1:15-cv-03078-JTR, ECF No. 23 at 5 ("The prior ALJ's decision was overturned when the prior ALJ relied on reviewing only physicians to find [Plaintiff] could perform light work, despite evidence that [Plaintiff] was limited to sedentary work by his treating physician. Tr. 109, 124, 509. Now that [Plaintiff's] age category had increased and he would be found disabled if limited to light work this ALJ increased his RFC to medium work despite no doctor offering an opinion above light work, and only reviewing doctors finding he could perform as much as light work."). Nor is this the first time this Court has brought the matter to counsel's attention. *See Vargas v. Colvin,* 1:15-cv-03078-JTR, ECF No. 24 at 18 ("Finally, in Plaintiff's Reply, ECF No. 23 at 6, line 15, there is language that, intentionally or carelessly, could appear to question the motivation of the Administrative Law Judge who heard this matter. The Court finds no basis for such language, and no place for it in these proceedings.").

  The quoted language and inflections are gratuitous to any legal or factual argument, but imply misconduct on the part of Administrative Law Judges. Such innuendo is improper and unprofessional. Recklessly impugning the integrity of an adjudicatory officer goes beyond zealous advocacy and can be a violation of professional ethics. *See* Washington State Bar Association R.P.C. 8.2(a). If counsel is concerned about the conduct of an ALJ, the Social Security Administration has procedures to raise the issue. *See* S.S.R. 13-1p.

briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on July 29, 2011 and August 25, 2011, respectively, alleging disability since October 22, 2010, due to severe anxiety, schizophrenia, fibromyalgia, and depression. Tr. 213-222, 229, 233. The applications were denied initially and upon reconsideration. Tr. 124-130, 138-149. Administrative Law Judge (ALJ) Verrell Dethloff held a hearing on September 12, 2013, and heard testimony from Plaintiff, medical expert Robert McDevitt, M.D., and vocational expert Trever Duncan. Tr. 16-57. The ALJ issued an unfavorable decision on September 27, 2013. Tr. 103-119. The Appeals Council denied review on April 13, 2015. Tr. 1-6. The ALJ's September 27, 2013, decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on June 16, 2015. ECF No. 1.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 18 years old at the alleged date of onset. Tr. 213. Plaintiff completed the tenth grade in 2009 and attended some special education courses. Tr. 234. Plaintiff reported that she attempted to work as a dishwasher and picking apples, but found both jobs too stressful and each lasted less than a week. Tr. 402. Plaintiff's earnings record shows very limited earnings from Strand Orchards LLC in 2007. Tr. 225.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law *de novo*, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. §§

404.1520(a)(4), 416.920(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On September 27, 2013, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 22, 2010, the alleged date of onset. Tr. 105.

At step two, the ALJ determined Plaintiff had the following severe impairments: a cognitive disorder with borderline intellectual functioning, affective disorders variously diagnosed as depression and dysthymia with some indications of psychotic features, anxiety disorders variously diagnosed as agoraphobia and panic disorder, a personality disorder, and substance abuse. Tr. 105.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 107.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined she could perform a range of work at all exertional levels with the following nonexertional limitations: "she is limited to simple, repetitive work involving noncollaborative tasks, superficial interaction with coworkers, and no interaction with the public." Tr. 109. The ALJ concluded that Plaintiff had no past relevant work. Tr. 117.

///

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of production assembler, hand packager, and small product assembler. Tr. 118. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged date of onset, October 22, 2010, through the date of the ALJ's decision, September 27, 2013. Tr. 119.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly weigh medical source opinions; (2) failing to find Plaintiff met a listing at step three, and (3) failing to properly consider the credibility of Plaintiff and lay witnesses.

## DISCUSSION

**A.   Medical Source Opinions**

Plaintiff argues that the ALJ failed to properly consider and weigh the medical opinions expressed by Aaron Burdge, Ph.D., Janis Lewis, Ph.D., Roland Dougherty, Ph.D., and Robert McDevit, M.D. ECF No. 14 at 12-22.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). The ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). When a treating physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion of the treating physician. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). Likewise, when an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Lester*, 81 F.2d at 830. When an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion of the examining physician. *Id.* at 830-831.

The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988).

1.   **Aaron Burdge, Ph.D.**

On June 11, 2012, Dr. Burdge completed a Psychological/Psychiatric Evaluation for the Washington Department of Social and Health Services (DSHS). Tr. 464-480. Dr. Burdge diagnosed plaintiff with schizophrenia, anxiety disorder, and personality disorder. Tr. 464. Dr. Burdge opined that Plaintiff had multiple limitations in the moderate, marked, and severe ranges and stated that Plaintiff "is unlikely to function adequately in a work setting until her psychological symptoms have been managed more effectively." Tr. 466. The ALJ gave Dr. Burdge's opinion "little weight" because the opinion was inconsistent with Plaintiff's

///

longitudinal treatment history, her performance on mental status examinations, and her independent daily activities. Tr. 114-115.

As discussed above, to meet the specific and legitimate standard the ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421-422. Here, this did not occur. The ALJ simply stated that he gave Dr. Burdge's opinion "little weight" and provided three conclusory reasons for the determination. Tr. 114-115. The ALJ failed to state how the opinion was inconsistent with Plaintiff's treatment history, how it was inconsistent with her performance on mental status examinations, or how it was inconsistent with her daily activities. Because the ALJ's rationale failed to meet the lowest standard to uphold a rejection of Dr. Burdge's opinion, the ALJ erred.

Dr. Burdge was an examining psychologist who performed multiple tests on Plaintiff prior to forming his opinion. *See* Tr. 466-480. The ALJ failed to supply legally sufficient reasons to reject his opinion. Therefore, this case is remanded for additional proceedings for the ALJ the reweigh Dr. Burdge's opinion.

**2.     Janis Lewis, Ph.D.**

On July 14, 2012, Dr. Lewis reviewed the evaluation performed by Dr. Burdge and completed a Review of Medical Evidence form for DSHS finding Plaintiff met the standards for assistance from DSHS starting June 11, 2012, for two years, noting that some limitations may be drug related. Tr. 481. The ALJ gave "little weight" to Dr. Lewis' form for the same reasons he rejected Dr. Burdge's opinion. Tr. 114-115.

Dr. Lewis is a nonexamining psychologist whose opinion is derived from Dr. Burdge's earlier opinion. *See* Tr. 481 (the only records reviewed were those from Dr. Burdge). Considering the case is being remanded for the ALJ to reweigh Dr. Burdge's opinion, the ALJ is further instructed to reweigh Dr. Lewis' opinion on remand.

### 3. Ronald Dougherty, Ph.D.

On September 28, 2011, Dr. Dougherty completed a Psychological Evaluation for Social Security. Tr. 400-416. He diagnosed Plaintiff with a cognitive disorder, dysthymia, agoraphobia, panic disorder, psychiatric disorder, and a rule out diagnosis of paranoid schizophrenia. Tr. 405. Additionally, he found that Plaintiff had a full scale IQ score in the borderline range and dependent personality traits. *Id.* Dr. Dougherty opined that while Plaintiff's social skills appeared to be fair, "[h]er thinking was basically logical and goal directed. She has not been able to function on the job because of what she reports as severe anxiety when away from home. She should be able to understand, remember, and follow simple directions, as she did during the testing." Tr. 406.

The ALJ gave Dr. Dougherty's evaluation and opinion "little weight" for the same reasons he gave Dr. Burdge's opinion little weight. Tr. 114-115. These three reasons fail to meet the specific and legitimate standard and were in error. *See supra*. Additionally, the ALJ found that Dr. Dougherty's opinion was inconsistent with the testing he completed and it was "based in large part if not entirely on the claimant's self-report of severe anxiety." Tr. 115.

While the ALJ is accurate that internal inconsistencies with the psychologist's report is a legally sufficient reason to reject an opinion, *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005), the ALJ failed to state how Dr. Dougherty's opinion was inconsistent with the test results from the day of the evaluation. Tr. 115. Plaintiff took the Trail Making Test, the Wechsler Adult Intelligence Scale-IV (WAIS-IV), and the Wechsler Memory Scale (IV (WMS-IV). Tr. 403-404, 407-416. Results from the Trails Making Test suggested the presence of a moderate cerebral impairment. Tr. 403. The WAIS-IV placed Plaintiff's intelligence in the borderline range. Tr. 404. The WMS-IV showed Plaintiff's auditory and visual memory in the low average range, her visual working memory in the borderline range, her immediate memory in the average

range, and her delayed memory in the extremely low range. *Id*. The ALJ failed to state how these test results were inconsistent with claimant being cooperative with logical and goal-directed thinking and capable of understanding, remembering, and following instructions. Therefore, this reason fails to meet even the specific and legitimate standard.

Additionally, the ALJ found that Dr. Dougherty's opinion was based on Plaintiff's unreliable self-reports that she suffered severe anxiety when away from home. Tr. 115. A doctor's opinion may be discounted if it relies on a claimant's unreliable self-report. *Bayliss*, 427 F.3d at 1217; *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). But the ALJ must provide the basis for his conclusion that the opinion was based on a claimant's self-reports. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). While Dr. Dougherty's opinion does state that Plaintiff "has not been able to function on the job because of what she reports as severe anxiety when away from home," the ALJ did not indicate how the remainder of Dr. Dougherty's opinion was swayed by Plaintiff's self-reports to support his conclusion that the opinion was based "in large part if not entirely on claimant's self-report." Tr. 115, 406. In *Ghanim*, the Ninth Circuit held that "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." 763 F.3d at 1162. Here, substantial evidence does not support that Dr. Dougherty's whole opinion was more heavily based on Plaintiff's self-reports than on Dr. Dougherty's clinical observations and testing results. Therefore, this reason fails to meet the specific and legitimate standard as well.

In conclusion, the ALJ failed to state a legally sufficient reason for rejecting Dr. Dougherty's opinion. Therefore, on remand, the ALJ is to reweigh the opinion.

///

///

### 4. Robert McDevitt, M.D.

At the September 12, 2013 hearing, Dr. McDevitt testified that Plaintiff met listings 12.03 and 12.04 with underlying substance abuse problems. Tr. 48-49. He further stated that she could not currently perform simple, repetitive tasks, but could with medication and a structured environment, concluding that she could only work in a sheltered program. Tr. 48. The ALJ rejected Dr. McDevitt's opinion for the same three reasons he rejected the opinions of Dr. Burdge, Dr. Lewis and Dr. Dougherty. Tr. 114-115. Additionally, the ALJ noted that Dr. McDevitt's opinion was confusing and equivocal. Tr. 115.

Here, Dr. McDevitt was a nonexamining psychiatrist who reviewed the record made available at the time of the hearing. Based on his testimony, it is clear that his opinion is derived, at least in part, from the opinions of Dr. Dougherty and Dr. Burdge. Tr. 47, 50. Considering the ALJ has been instructed to reweigh both Dr. Dougherty's and Dr. Burdge's opinions, he is further instructed to reweigh the opinion of Dr. McDevitt on remand. Considering Dr. McDevitt opined that Plaintiff met listings 12.03 and 12.04, the ALJ is further instructed to readdress step three on remand and address Dr. McDevitt's testimony in his strep three evaluation. The ALJ is to have a psychological expert available at a new hearing to testify regarding step three. He will develop the testimony so as to not be left confused by the expert's testimony.

### B. Credibility

Plaintiff contests the ALJ's determination that Plaintiff and her mother were less than fully credible. ECF No. 14 at 22-24.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d

1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834. An ALJ must give "germane" reasons to discount evidence from a lay witness. *Dodrill v. Shalala*, 12 F.3d 915, 119 (9th Cir. 1993).

Considering the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence, *See* 20 C.F.R. § 404.1529(c); S.S.R. 16-3p, the ALJ is further instructed to make a new assessment as to whether Plaintiff's subjective symptom statements are consistent with the record as a whole in accord with S.S.R. 16-3p. Additionally, the ALJ is instructed to make a new determination in weighing the statements of Plaintiff's mother.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). *See also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-596 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-1180 (9th Cir. 2000).

Because of the evidence of substance abuse problems in the record, there is not sufficient evidence that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Therefore, the case is remanded for the ALJ to readdress the medical source opinions in the record at step three and in the residual functional capacity determination, including the opinion of Dr. McDevitt. Additionally, the ALJ is instructed to supplement the record with any outstanding evidence and make a new assessment as to whether Plaintiff's subjective symptom statements are consistent with the record as a whole. The ALJ will call a psychological expert to testify at the hearing. Should a mental disorder listing be identified as relevant, the ALJ is to take testimony specifically addressing the B criteria, including restrictions of activities of daily living, difficulties maintaining social functioning, difficulties in maintaining concentration, persistence, or pace, and episodes of decompensation. The ALJ will also take testimony from the expert regarding a narrative residual functional capacity for Plaintiff. Due to Plaintiff's history of substance use, if the record supports a diagnosis of a substance abuse disorder and Plaintiff were found disabled at steps three or five, the ALJ would be required to consider the materiality of Plaintiff's substance use and complete the five step evaluation process again excluding any limitations caused by substance use. *See* S.S.R. 13-2p.

## CONCLUSION

Accordingly, **IT IS ORDERED**:

1. Defendant's Motion for Summary Judgment, **ECF No. 26**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

///

Case 1:15-cv-03102-JTR   Document 29   Filed 08/23/16

1  The District Court Executive is directed to file this Order and provide a copy
2  to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff**
3  and the file shall be **CLOSED**.
4  DATED August 23, 2016.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE